BOARD OF EDUCATION OF THE BOROUGH OF WEST PATERSON, PROSECUTOR, v. THE BOARD OF EDUCATION OF THE TOWNSHIP OF LITTLE FALLS IN THE COUNTY OF PASSAIC, AND THE STATE BOARD OF EDUCATION OF NEW JERSEY, RESPONDENTS.

Submitted July 3, 1918—Decided November 27, 1918.

Section 33 of the School act (*Comp. Stat., p.* 4733) makes provision for the apportionment of any surplus remaining in hand at the end of the school year in case a new school district is set off from an older one. *Held,* that in the absence of any statutory provision in that regard the district newly set off is not liable for any part of a deficit remaining at the end of said school year.

On *certiorari.*  '

Before Justices PARKER and MINTURN.

For the prosecutor, *Michael Dunn.*

For the respondents, *Jacob Willard De Yoe* and *Edgar A. De Yoe.*

The opinion of the court was delivered by

PARKER, J.   The matter sought to be reviewed is the ruling or order of the state board of education substantially affirming the decision of the commissioner of education in a dispute between the board of education of West Paterson and the board of education of Little Falls with relation to the apportionment and payment of a deficit on school account existing at the time of the separation of West Paterson borough from Little Falls township.   The separation took place by act of the legislature in 1914.   *Pamph. L., p.* 87.   The School act provides by section 33 what is to be done when a new school district is created—first, in relation to the attendance of the children and control of school buildings and payment of expenses until the end of the current school year, and secondly, how the surplus is to be divided at the end of that time.   As to this, the act provides that in case there shall be any balance at the end of the school year in the hands of the custodian of school moneys of the original district, said custodian shall certify to the county superintendent of schools the amount of the balance, what portion was received from state appropriation, state school tax and interest of the surplus revenue, and what portion was received from district school tax; and that the county superintendent shall thereupon divide between the districts the part of the balance arising from state appropriations, state school tax and interest of the surplus revenue, on the basis of aggregate attendance of pupils, and that part of the balance arising from the district school tax on the basis of the respective ratables of said district.   It

will be observed that this section says: "In case there shall be any balance at the end of said school year in the hands of the custodian," but that there is no provision, expressly or by implication, with reference to a deficit.

In the case at bar, the ratables of the two districts were settled to the satisfaction of both districts at thirty per cent. for West Paterson and seventy per cent. for Little Falls; and on that basis Little Falls having, through its custodian, ascertained that there was a deficit and its amount, sent a bill for thirty per cent. of that amount to the new district of West Paterson with request for payment. Apparently, there was no ascertainment of what part of the deficit was on account of state appropriation, &c., and what part on account of district school tax; but, in view of the result we have reached, this is unimportant. Payment having been refused, the matter was appealed to the state superintendent of public instruction, who decided that as West Paterson would have been entitled under the statute to thirty per cent. of any surplus, that district was in justice required to bear thirty per cent. of the deficit, and this decision was substantially sustained by the state board of education.

We think that this was error. Whatever the natural justice of the case may seem to be, it is a matter which is regulated entirely by statute, so far as there is any regulation, and where the legislature has failed to provide for a contingency such as this, it must be either regarded as a *casus omissus* or else the conclusion must be that the legislature, having contemplated the contingency of a deficit, chose to leave it where it originated, viz., as an indebtedness of the original school district. Section 34 should be read in connection with section 33. It provides that in any new school district the board of education becomes vested with the title to all school property, real and personal, in such district, and if for the erection, repair or purchase of any such property there shall be an indebtedness for which the board of education of the original school district shall be liable, the said indebtedness shall be assumed by and become the obligation of the board of educa-

tion of the new district, and if the old district pays the indebtedness, it may maintain an action against the new district therefor. And this provision is made without reference to any equity of the case arising out of the possible fact that the school buildings and property remaining in the original district had been completely paid for with moneys partially collected from citizens of the territory comprised in the new district, and that the latter is loaded down with a large debt on the schools taken over by it after having contributed substantially to the payment for schools in which it loses all interest upon separation. Such a condition seems, in fact, to exist in the present case, for the district of West Paterson has been required to assume a debt of some $26,000 on one of the school buildings taken over. Our conclusion, on a careful examination of the statute, is that the rights and liabilities of the two districts are to be settled by a reference to the act, and that alone, and as there is no provision therein for the apportionment of a deficit, the district of West Paterson is not liable for any part thereof. As to the interest on the school debt which was transferred to West Paterson, paid during the school year, and which amounts to $585, we consider that that forms part of the deficit, as it belongs to the current expense of the school year and is not to be considered as an indebtedness for the erection, repair or purchase of school property in the sense contemplated by section 34 of the act.

Concluding, as we do, that the borough and school district of West Paterson are not liable for any portion of the claim as made, the decision of the state superintendent and of the state board of education will be set aside.